UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| In Re: | ) | BK No.: 23-09592 |
| G & L Contractors, Inc., | ) | |
| | ) | Chapter: 7 |
| | ) | Honorable Timothy Barnes |
| Debtor(s) | ) | |

## ORDER APPROVING TRUSTEE'S MOTION TO APPROVE AGREEMENT WITH CENTRUST BANK

This matter coming to be heard on the motion (the "Motion") of Miriam Stein Granek, not individually, but as the chapter 7 trustee ("Trustee") of G & L Contractors, Inc.. (the "Debtor") seeking entry of an order approving a certain Agreement with Centrust Bank related to the liquidation of the Debtor's Fixtures, Inventory and equipment (collectively, the "Tangible Collateral") and the liquidation of the Debtor's accounts receivable (the "A/R") and distribution of the proceeds; notice having been provided to scheduled creditors with claims scheduled at more than $10,000; the court being fully advised in the premises:

IT IS HEREBY ORDERED THAT:

1. The Trustee with the consent of Centrust Bank is authorized to liquidate the Tangible Collateral through a public sale with an authorized auctioneer.

2. Gary Battista and Lu Ann Battista are allowed a chapter 7 administrative expense claim for storage of the Tangible Collateral through the auction period in the amount of $24,000 (the "Admin Rent Claim").

3. Centrust Bank is allowed a chapter 7 administrative expense claim in the approximate amount of $30,000 related to paying to insure the Tangible Collateral (the "Insurance Admin Claim")

4. Pursuant to the agreement with Centrust Bank, the Trustee is authorized to pay from the sale proceeds of the Tangible Collateral (the "Sale Proceeds"): (i) any and all of the auctioneer's fees and expenses related to the liquidation of the Tangible Collateral, (ii) the Admin Rent Claim, and (iii) the Insurance Admin Claim (collectively the "Expense Claims").

5. After payment of the Expense Claims, the Trustee is authorized to distribute the remaining Sale Proceeds as follows:
   (i) 85% to Centrust Bank; and
   (ii) 15% to the Trustee to be held as property of the Debtor's estate from from Centrust Bank's security interest.

6. Pursuant to the agreement with Centrust Bank and prior to initiating any litigation to collect on the A/R, the Trustee authorized to collect the A/R and distribute the funds as follows:
   (i) 80% to Centrust Bank; and
   (ii) 20% to the Trustee to be held as property of the Debtor's estate from from Centrust Bank's

security interest.

7. Any A/R collected after the Trustee commences litigation, shall be distributed as follows:
   (i) 60% to Centrust Bank; and
   (ii) 40% to the Trustee to be held as property of the Debtor's estate from from Centrust Bank's security interest.

8. The automatic stay is lifted as Centrust Bank for the funds held in the Debtor's Centrust Bank account as of the Petition Date.

9. Shortened and Limited notice of this motion is deemed sufficient and further notice is waived.

Enter:

Timothy A. Barnes
United States Bankruptcy Judge

Dated: September 06, 2023

**Prepared by:**

Zane L. Zielinski (6278776)
THE LAW OFFICE OF
    ZANE L. ZIELINSKI, P.C.
6336 North Cicero Avenue, Suite 201
Chicago, Illinois 60646
d. 773-877-3191
f. 815-846-8516
e. trustee@zanezielinski.com